IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDICE ANN BUDDENHAGEN,<br>Plaintiff | No. 3:15-CV-2019 |
| v. | (Judge Nealon) |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>Defendant | (Magistrate Judge Mehalchick) |

FILED
SCRANTON

## MEMORANDUM

NOV 29 2016

PER_____
DEPUTY CLERK

### Background

On October 16, 2015, Plaintiff, Candice Ann Buddenhagen, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On December 21, 2015, Defendant filed an Answer and Transcript. (Docs. 8 and 9). On February 2, 2016, Plaintiff filed a brief in support. (Doc. 10). On March 14, 2016, Defendant filed a brief in opposition. (Doc. 11). On March 28, 2016, Plaintiff filed a reply brief. (Doc. 12). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Karoline Mehalchick on November 8, 2016, recommending that the appeal be denied and the decision of the Commissioner be affirmed. (Doc. 15). Objections were due by November 25, 2016, but Plaintiff did not file timely

objections.[1] Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted, the appeal will be denied, and the decision of the Commissioner will be affirmed.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D.

---

[1] It is noted that Plaintiff's objections, (Doc. 16), were filed on November 26, 2016, without an extension of time, and thus were not timely filed in accordance with the Report and Recommendation, (Doc. 15), or Rule 6 of the Federal Rules of Civil Procedure. See FED.R.CIV.P. 6. The objections will, therefore, not be taken into consideration by this Court.

Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled. (Doc. 15, pp. 7-10). The Magistrate Judge also thoroughly reviews the medical records and the ALJ's decision. (Id. at pp. 2-7, 10-12). Magistrate Judge Mehalchick then addresses Plaintiff's assertions, and ultimately determines that: (1) the ALJ properly gave little weight to the opinions of Dr. Campbell because the ALJ took into account the fact that, although Plaintiff experienced periods of deterioration of her Bipolar Disorder, the medical records reflected improvement with treatment and thus undermined the opinions of Dr. Campbell; (2) the ALJ properly determined the credibility of lay witness Patricia Riesle because it was not consistent with the medical records; (3) contrary to Plaintiff's assertion, the ALJ addressed Plaintiff's back impairments and accounted for them in his RFC determination; (4) the ALJ was under no obligation to consider fibromyalgia as an impairment because Plaintiff failed to allege this

condition as an impairment in her applications for disability and at her oral hearing; (5) substantial evidence supports the ALJ's determination at Step Three that Plaintiff did not meet Listing 12.04, Affective Disorders, because the ALJ took all evidence into account for the relevant time period, including periods when the symptoms of Plaintiff's Bipolar Disorder were more pronounced, and properly discussed the "B" criteria of the Listing; and (6) the ALJ took all of Plaintiff's credibly established limitations into account. (Doc. 15, pp. 12-25).

Neither party having timely objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Mehalchick's R&R will be adopted. As such, Plaintiff's appeal will be denied and the decision of the Commissioner will be affirmed.

A separate Order will be issued.

**Date:** November 29, 2016

/s/ **William J. Nealon**
**United States District Judge**